UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


NATIONWIDE MUTUAL COMPANY,

                    Plaintiff,


vs.                                 Case No.  2:08-cv-766-FtM-29DNF


FT. MYERS TOTAL REHAB CENTER, INC.,
PETER REITER, DC, DAVID PINTO,

                    Defendants.
_____


## OPINION AND ORDER

_____This matter comes before the Court on defendant Fort Myers

Total Rehab Center, Inc.'s Motion to Dismiss (Doc. #10), defendant

David Pinto's Motion to Dismiss (Doc. #18), and defendant Peter

Reiter, D.C.'s Motion to Dismiss (Doc. #31).  Plaintiff filed a

Memorandum of Law in Opposition (Docs. ##16, 22, 32) to each

motion.  The motions are now ripe for review.

**I.**

All defendants challenge the subject matter jurisdiction of

the court.  The Court will address this issue first.

Plaintiff Nationwide Mutual Company (plaintiff or Nationwide)

sues Fort Myers Total Rehab Center, Inc. (FMTRC), Peter Reiter,

D.C. (Dr. Reiter), and David Pinto (Pinto) (collectively

"defendants") for illegal and fraudulent billing in excess of

$75,000.00.  Diversity of citizenship is not contested, but

defendants argue that the amount in controversy, properly computed, does not exceed the $75,000 jurisdictional limit in 28 U.S.C. § 1332. This challenge is based upon the factual allegations in the Complaint, and is therefore a facial attack under FED. R. CIV. P. 12(b)(1). Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). As such, the court takes the allegations in the complaint as true in deciding the motion. Id.

In material part, the Complaint (Doc. #1) alleges that Nationwide issued automobile insurance policies with No-Fault, Personal Injury Protection (PIP) Benefits or Medical Payments Coverage to fifteen individuals identified in Exhibit A (Doc. #1-2). Each of these fifteen persons became involved in separate automobile accidents on various dates between July 9, 2005 and April 12, 2006. Each of these persons was treated at FMTRC by Dr. Reiter, and claims were submitted to Nationwide by FMTRC pursuant to assignments from the insureds/patients. Nationwide paid a total of $140,658.43 on these fifteen claims, but no individual claim exceeded $13,752.00.

Nationwide alleges that the billing claim forms submitted by defendants were fraudulent. Nationwide alleges that the claims were submitted pursuant to a planned and organized pattern and practice of deception which included recruiting and paying drivers and insured patients to stage vehicle collisions to make fraudulent insurance claims; authorizing bills for treatments that were upcoded, unbundled, not performed, or for unlicensed massage

therapy; failing to keep adequate and legible records; permitting unlicensed and improperly trained and supervised staff to perform the treatments; and treating all patients similarly regardless of level of injury to maximize insurance reimbursements. Nationwide further alleges that the payment of benefits for treatment of non-existent injuries and the unlawful billing was approved and agreed to by Dr. Reiter and Pinto. Nationwide seeks damages in the amount of $140,658.43 for common law fraud (Count I), unjust enrichment (Count II), unfair and deceptive trade practices under FLA. STAT. § 501.201 (Count III), negligent supervision (Count IV), and civil conspiracy (Count V), and seeks declaratory relief (Count VI).

Defendants first argue that jurisdiction is lacking by virtue of 28 U.S.C. § 1359, which provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of the court." 28 U.S.C. § 1359. While defendants read this statute to relate to a joinder of claims, it clearly relates only to the joinder of parties. None of the insureds has been named as defendants, and therefore none has been "made or joined" as parties in this action at all. There is no suggestion that any of the actual defendants have been improperly joined for jurisdictional purposes. Additionally, there is no indication that any party was not "made or joined" in order to invoke diversity jurisdiction. E.g., Ambrosia Coal & Constr. Co. v. Morales, 482 F.3d 1309, 1313-16 (11th Cir. 2007).

-3-

Therefore, § 1359 does not preclude diversity jurisdiction in this case.

Defendants next argue that FLA. STAT. § 627.736 gives Nationwide a right to individually challenge each PIP claim at issue, and that this statute does not allow for the aggregation of claims. However, federal courts sitting in diversity are required to apply state substantive law and federal procedural law. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). The manner in which the amount in controversy is calculated and the joinder of claims against an opposing party is a matter of federal procedural law. "Rule 18(a) of the Federal Rules of Civil Procedure grants the plaintiffs complete freedom to join in a single action all claims that they may have against any of the defendants." In re Beef Indus. Antitrust Litig., 600 F.2d 1148, 1168 (5th Cir. 1979).[1] A single plaintiff is permitted to aggregate all of his or her claims against a single defendant, regardless of relation to one another, when calculating the jurisdictional minimum. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 585 (2005) ("This Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated." (citation omitted)); Snyder v. Harris, 394 U.S.

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

332, 335, (1969).  Federal Rule of Civil Procedure 18 governs aggregation, and does not require that the aggregated claims be factually related.  <u>Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.</u>, 166 F.3d 59, 62 (2d Cir. 1999).

Defendants rely heavily on <u>Deajess Med. Imaging, P.C. v. Allstate Ins. Co.</u>, 381 F. Supp. 2d 307 (S.D.N.Y. 2005) for the proposition that aggregation of claims that individually do not meet the amount in controversy is improper.  <u>Deajess</u> is the opposite situation from this case.  In <u>Deajess</u>, medical providers, as assignees, brought suit against insurers to recover no-fault benefits owed to the insured individuals.  The Court found that the medical providers could not aggregate claims that arose from unrelated car accidents and which had been denied for varying reasons under individual policies.  Here, the insurer may properly aggregate its claims against a single medical provider.

The Court finds that Nationwide's claims against defendants properly include the aggregated amounts from the fifteen insurance claims.  Since the aggregated amount satisfies the jurisdictional requirement, the motions to dismiss for lack of jurisdiction will be denied.

## II.

All defendants raise a variety of issues as to the viability of the specific counts.  In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to

plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Additionally, dismissal is also warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## A. Statutory Preemption

All defendants argue that plaintiff's causes of action for common law fraud, unjust enrichment, and negligent supervision are preempted by Florida Statute Section 627.736(12), which provides:

> An insurer shall have a cause of action against any person convicted of, or who, regardless of adjudication of guilt, pleads guilty or nolo contendere to insurance fraud under s. 817.234, patient brokering under s. 817.505, or kickbacks under s. 456.054, associated with a claim for personal injury protection benefits in accordance with this section. An insurer prevailing in an action brought under this subsection may recover compensatory, consequential, and punitive damages subject to the requirements and limitations of part II of chapter 768, and attorney's fees and costs incurred in litigating a cause of action against any person convicted of, or who, regardless of adjudication of guilt, pleads guilty or nolo contendere to insurance fraud under s. 817.234, patient brokering under s. 817.505, or kickbacks under s. 456.054, associated with a claim for personal injury protection benefits in accordance with this section.

FLA. STAT. § 627.736(12). When interpreting a statute to determine legislative intent, the Court must start with the plain language of the statute. United States v. Prather, 205 F.3d 1265, 1269 (11th Cir. 2000); Kasischke v. State, 991 So. 2d 803, 807 (Fla. 2008). Nothing in this statute provides that a cause of action exists only if there is a conviction, or that other causes of action are pre-empted. Defendants' reliance on Lasky v. State Farm Ins. Co., 296 So. 2d 9 (Fla. 1974) and Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So. 2d 967 (Fla. 3d DCA 1998) is misplaced, since neither case addresses the statute at issue. The Court finds that the plain language of FLA. STAT. § 627.736(12) does not preempt plaintiff's common law claims, but rather provides a specific

remedy under a particular set of facts. The motions to dismiss on this basis will be denied.

**B. Piercing Corporate Veil**

The individual defendants argue that plaintiff has insufficiently pled a predicate for piercing the corporate veil, and therefore they cannot be individually liable on any count. Plaintiff responds that Dr. Reiter and Pinto are not alleged to be shareholders who can be shielded based on the existence of FMTRC, but that their liability is based on their own personal fraudulent conduct separate from FMTRC.

It is certainly true that individual liability can exist if the three factors necessary to pierce the corporate veil are established. Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). It is not necessary to pierce the corporate veil, however, if an individual is a direct participant in the alleged improper conduct. In discussing a FDUTPA claim, KC Leisure, Inc. v. Haber stated:

> The case law demonstrates, however, that under the Federal Trade Commission Act an individual may be liable for corporate practices in violation of that statute once corporate liability is established. In order to prove individual liability it is necessary to show that an individual defendant actively participated in or had some measure of control over the corporation's deceptive practices. [ ] In addition, to hold a corporate officer liable for monetary restitution, a plaintiff is also required to establish that the defendant had or should have had knowledge or awareness of the misrepresentations. [ ]
>
> Similarly, it has long been the law in Florida that in order to proceed against an individual using a FDUTPA

-8-

> violation theory an aggrieved party must allege that the individual was a direct participant in the improper dealings.

KC Leisure, Inc. v. Haber, 972 So. 2d 1069, 1073-74 (Fla. 5th DCA 2008)(citations omitted).

The allegations are that Dr. Reiter, as President, Officer, and Director of FMTRC, and Pinto, as manager and financier of FMTRC, "owned, operated, managed and controlled [FMTRC] and sought reimbursement" for treatment and services. (Doc. #1, ¶¶ 4-7.) It is further alleged that each was a direct participant in the unlawful and fraudulent conduct, which was performed pursuant to a plan between the two of them. (Doc. #1, ¶¶ 8-17.) Since individual liability is not premised upon piercing the corporate veil, and the Complaint alleges the direct participation of the two individuals in the misconduct, the motions to dismiss as to this ground will be denied.

## C. Common Law Fraud - Count I

All defendants argue that the claim of common law fraud is barred by the Florida economic loss rule and that it fails to adequately allege sufficient facts as required by the heightened federal pleading requirements for fraud claims.

### (1) Economic Loss Rule:

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses."

Indem. Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004).  See also Jones v. Childers, 18 F.3d 899, 904 (11th Cir. 1994)(citing Interstate Sec. Corp. v. Hayes Corp., 920 F.2d 769, 773 (11th Cir. 1991)).  In the context of contractual privity, the economic loss rule "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Am. Aviation, 891 So. 2d at 536.  One of the recognized exceptions, however, permits a tort action where the tort was committed independently of the contract breach.  Id. at 537, 543.  A tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract.  Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., Inc., 974 So. 2d 1176, 1179 (Fla. 5th DCA 2008).

An assignee can enforce payments or performance under an assigned contract, State Farm Fire & Cas. Co. v. Ray, 556 So. 2d 811, 813 (Fla. 5th DCA 1990), because the assignee stands in the shoes of the assignor and the assignor retains no rights to enforce the contract, Price v. RLI Ins. Co., 914 S. 2d 1010, 1013-14 (Fla. 5th DCA 2005).  "[A]n assignment of an insurance policy places the assignee in the same status with respect to all rights and liabilities under it which the insured occupied before the transfer; the assignee is effectively substituted as the insured." AXA Equitable Life Ins. Co. v. Infinity Fin. Group, LLC, 608 F. Supp. 2d 1349, 1356 (S.D. Fla. 2009)(citations omitted).  "Once

made, an assignment of the insured's interest in personal injury protection benefits to a medical services provider is irrevocable." Superior Ins. Co. v. Libert, 776 So. 2d 360, 365 (Fla. 5th DCA 2001).

In this case, there is no direct contract between Nationwide and the defendants. There were contracts, however, between Nationwide and its fifteen policy holders, and these contracts required Nationwide to pay for certain services by medical providers under certain conditions. The allegations in the Complaint are that plaintiff's fifteen insureds were all patients of FMTRC and that FMTRC took assignments of benefits for direct billing purposes using CMS-1500 Forms. The Form (Doc. #1-3) requires the signature of the insured patient to assign benefits to a provider, and created a contractual relationship between FMTRC and plaintiff. The obligations of Nationwide to pay FMTRC was premised solely on the assigned contract. The Court finds that plaintiff's claim of common law fraud as to FMTRC is therefore barred by the economic loss rule and must be dismissed.

As the individual defendants point out, there was no contractual relationship between them, in their individual capacities, and Nationwide. The individual defendants were not an assignee of any of the insurance claims, and did not submit a claim to Nationwide on their individual behalf. Since there was no contractual relationship, the Florida economic loss rule does not bar the common law fraud claim against the individual defendants.

**(2) Pleading Sufficiency:**

The individual defendants also argue that the common law fraud claim must be dismissed because it fails to comply with the heightened pleading requirements of a fraud claim. In alleging fraud, plaintiff must show that Reiter and Pinto (1) knowingly made a false statement of material fact or concealed a material fact; (2) intended to induce plaintiff to act on the statement; (3) that plaintiff relied on the statement; and (4) that plaintiff suffered damages as a result of the reliance. <u>Palm Beach Roamer, Inc. v. McClure</u>, 727 So. 2d 1005, 1007 (Fla. 5th DCA 1999).

Fed. R. Civ. P. 9(b) requires fraud allegations to be plead "with particularity." "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." <u>Wagner v. First Horizon Pharm. Corp.</u>, 464 F.3d 1273, 1278 (11th Cir. 2006). "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006)(citations omitted). <u>See also Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001)(citation omitted); <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1262 (11th Cir. 2006). "This means the who, what, when[,]

where, and how:  the first paragraph of any newspaper story."
Garfield, 466 F.3d at 1262 (citations omitted).  "Failure to
satisfy Rule 9(b) is a ground for dismissal of a complaint."
Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005),
cert. denied, 127 S. Ct. 42 (2006).  The Court concludes that the
allegations in Count I, when read in conjunction with the first
eighteen paragraphs of the Complaint, sufficiently set forth a
claim of fraud as to both individual defendants.  Therefore, the
motions to dismiss as to this ground will be denied.

**D.  Unjust Enrichment - Count II**

All defendants argue that the unjust enrichment claim must be
dismissed based upon the economic loss rule.

The elements for unjust enrichment are that "(1) plaintiff has
conferred a benefit on the defendant, who has knowledge thereof;
(2) defendant voluntarily accepts and retains the benefit
conferred; and (3) the circumstances are such that it would be
inequitable for the defendant to retain the benefit without paying
the value thereof to the plaintiff."  Shands Teaching Hosp. &
Clinics, Inc. v. Beech St. Corp., 899 So. 2d 1222, 1227 (Fla. 1st
DCA 2005)(citations omitted).  An unjust enrichment claim proceeds
on the theory that no express agreement governs the situation.  Id.
at 1227 n.10.  Since the economic loss rule as applied to this case
depends on the existence of a contract, this alternative unjust
enrichment count is not barred by the economic loss rule.  Duncan
v. Kasim, Inc., 810 So. 2d 968, 971 (Fla. 5th DCA 2002).  The Court

also finds that the unjust enrichment count sets forth a plausible claim, and therefore satisfies the federal pleading requirements. The motions to dismiss as to these grounds will be denied.

**E.  Florida Deceptive and Unfair Trade Practices Act - Count III**

All defendants argue that this claim should be dismissed because it is not properly plead under FED. R. CIV. P. 9(b) and because Nationwide cannot recover damages since it failed to mitigate its damages.

The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) provides for a civil cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204(1), Fla. Stat. (2005). "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." City First Mortg. Corp. v. Barton, 988 So. 2d 82, 86 (Fla. 4th DCA 2008)(internal citations and quotation omitted). See also KC Leisure, Inc. v. Haber, 972 S. 2d 1069, 1073-74 (Fla. 5th DCA 2008).

The Court is not convinced that the specificity requirements of FED. R. CIV. P. 9(b) applies to FDUTPA, although it recognizes this view is in the minority in this District. Contra Stires v. Carnival Corp., 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002)(citing generally Steyr Daimler Puch v. A & A Bicycle Mart, Inc., 453 So. 2d 1149 (Fla. 4th DCA 1984)); Fla. Digital Network, Inc. v. N.

<u>Telecom, Inc.</u>, 6:06-cv-889-Orl-31JGG, 2006 U.S. Dist. LEXIS 61983 (M.D. Fla. Aug. 30, 2006); <u>WrestleReunion, LLC v. Live Nation Tv Holdings, Inc.</u>, 8:07-cv-2093-JDW-MSS, 2008 U.S. Dist. LEXIS 61428 (M.D. Fla. Aug. 4, 2008). Nonetheless, if such specificity is required, the Court finds that the Complaint is adequately plead in this case.

Actual damages (not including actual consequential damages), attorney's fees and costs may be obtained under FDUTPA. FLA. STAT. §§ 501.211, 501.2105; <u>Smith v. 2001 S. Dixie Highway, Inc.</u>, 872 So. 2d 992, (Fla. 4th DCA 2004). Plaintiff alleges damages in the amount of $140,658.43, <u>see</u> Doc. #1, Exh. A, an amount represented by the claims submitted on behalf of 15 insured persons, and attorney's fees and costs. The argument that plaintiff should have reasonably foreseen the deception and mitigated damages is, at best, an affirmative defense which will not support a motion to dismiss. The motions to dismiss on these bases will be denied.

## F. Negligent Supervision - Count IV

Defendants argue that this claim is barred by the economic loss rule and that it is not properly pled.

To prove negligent supervision, plaintiff must demonstrate (1) the existence of a relationship giving rise to a legal duty to supervise; (2) the negligent breach of that duty; and (3) that the negligence was the proximate cause of plaintiff's injury. <u>Collins v. Sch. Bd. of Broward County</u>, 471 So. 2d 560, 563 (Fla. 4th DCA 1985). Plaintiff alleges that all three defendants had a duty to

supervise Eduardo Markan Vasconcelos, a manager and accountant, and breached this duty by failing to adequately supervise its employees and independent contractors who engaged in illegal and unlawful accident staging and billing practices, causing injury to plaintiff. Coupled with the incorporated paragraphs of the Complaint, the Court finds this count is adequately plead. Defendants have not cited any case which found such a claim barred by the economic loss rule. The motions as to these grounds will be denied.

## G. Civil Conspiracy - Count V

Defendants argue that this claim is not adequately plead and that it cannot stand alone if the preceding counts are dismissed.

"A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." <u>Charles v. Fla. Foreclosure Placement Ctr., LLC</u>, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008)(citations omitted). "Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation. This doctrine stems from basic agency principles that attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." <u>Dickerson v. Alachua County Comm'n</u>, 200 F.3d 761,

767 (11th Cir. 2000)(internal quotations and citations omitted). This rule applies unless an agent of the corporation "has a personal stake in the activities that are separate and distinct from the corporation's interest." Cedar Hills Props. Corp. v. Eastern Fed. Corp., 575 So. 2d 673, 676 (Fla. 1st DCA 1991). There are no allegations in the Complaint that Reiter and Pinto have an interest separate and distinct from their corporate interests as employees of FMTRC. Accordingly, the Court finds that the civil conspiracy claim should be dismissed as to all defendants.

## H. Declaratory Relief - Count VI

Defendants argues that FLA. STAT. § 86.011 does not provide a substantive right and therefore the Court must determine whether it has jurisdiction under 28 U.S.C. § 2201, the federal Declaratory Judgment Act. The Court disagrees.

The federal Declaratory Judgment Act is "not an independent source of federal jurisdiction," Schilling v. Rogers, 363 U.S. 666, 677 (1960), and is "procedural only," Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937). See also Christ v. Beneficial Corp., 547 F.3d 1292, 1299 (11th Cir. 2008). The Florida Declaratory Judgment Act, on the other hand, is in fact substantive and remedial in nature. Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc., 509 F. Supp. 2d 1158, 1160 (M.D. Fla. 2007), vacated in part on other grounds, 2:04-cv-26-FTM-29DNF, 2007 U.S. Dist. LEXIS 35730 (M.D. Fla. May 16, 2007), aff'd, 312 Fed. Appx. 211 (11th Cir. 2009).

The Complaint seeks declaratory relief pursuant to FLA. STAT. § 86.011, which requires:

a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1192-93 (Fla. 1995)(citing Martinez v. Scanlan, 582 So. 2d 1167, 1170 (Fla. 1991)(quoting May v. Holley, 59 So. 2d 636, 639 (Fla. 1952))). "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, [and] rest in the future." Fla. Dep't of Ins. v. Guarantee Trust Life Ins. Co., 812 So. 2d 459, 460-61 (Fla. 1st DCA 2002)(citations and internal quotations omitted). A declaration by the Court is discretionary. Travelers Ins. Co. v. Emery, 579 So. 2d 798, 800 (Fla. 1st DCA 1991).

In Count VI Nationwide submits that defendants have submitted 19 additional claims for payments totaling $224,714.00 which have not yet been paid, and are anticipating submission of additional

claims in the future, all of which are false, misleading and deceptive. Nationwide asserts that it is in doubt as to its rights under the terms of the applicable insurance policies and under Fla. Stat. § 627.736 as to whether or not any of the bills submitted by defendants are payable due to the facts and circumstances outlined in paragraphs 16a through 16i of the Complaint, and whether any future claims would be compensable. Nationwide poses three specific questions it wants answered by the Court.

"A complaint for declaratory judgment should not be dismissed if the plaintiff established the existence of a justiciable controversy cognizable under the Declaratory Judgment Act, chapter 86, Florida Statutes (2007). . . . The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." <u>Murphy v. Bay Colony Prop. Owners Ass'n</u>, ___ So. 3d ___, 2009 WL 2169119 (Fla. 2d DCA July 22, 2009) (internal citation and quotation omitted).

The answers to the three questions posed are self-evident: <u>If</u> the claims are fraudulent, Nationwide need not pay them. The real purpose of the count is not to determine legal rights, but to determine facts, i.e., whether these claims are indeed fraudulent. While at one time under Florida law the existence of such unresolved facts would bar declaratory relief, the Florida Supreme Court receded from that line of cases in 2004. The Florida Supreme

Court held that "an insurer may pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." Higgins v. State Farm Fire & Casualty Co., 894 So. 2d 5, 12 (Fla. 2004). Therefore, the Court concludes that Count VI survives the motion to dismiss as to the pending claims. As to future claims, the Court finds that the count is not ripe and that no case or controversy currently exists as to claims which may or may not be filed. This portion of Count VI will be dismissed.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendant Fort Myers Total Rehab Center, Inc.'s Motion to Dismiss (Doc. #10) is **GRANTED IN PART AND DENIED IN PART.** Count I, Count V, and the portion of Count VI addressing future claims are **DISMISSED**, and the motion is otherwise **DENIED.**

2.  Defendant David Pinto's Motion to Dismiss (Doc. #18) is **GRANTED IN PART AND DENIED IN PART.** Count V and the portion of Count VI addressing future claims are **DISMISSED**, and the motion is otherwise **DENIED.**

3.  Defendant Peter Reiter, D.C.'s Motion to Dismiss (Doc. #31) is **GRANTED IN PART AND DENIED IN PART.** Count V and the

portion of Count VI addressing future claims are **DISMISSED**, and the motion is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of August, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record