UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONWIDE MUTUAL INSURANCE COMPANY

        Plaintiff,

vs.                                      Case No.: 2:08-cv-00766-JES-DNF

FORT MYERS TOTAL REHAB CENTER, INC.,
PETER REITER, D.C. and DAVID PINTO,

        Defendants.

_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT
## WITH DEMAND FOR JURY TRIAL

Plaintiff, NATIONWIDE MUTUAL INSURANCE COMPANY, hereby sues Defendants, FORT MYERS TOTAL REHAB CENTER, INC. (hereinafter referred to as "FMTRCI"), PETER REITER, D.C. (hereinafter referred to as "REITER") and DAVID PINTO (hereinafter referred to as "PINTO") and states as follows:

1.     This is a lawsuit over illegal and fraudulent billing by FMTRCI, REITER and PINTO to NATIONWIDE, and seeks money damages in excess of $75,000, exclusive of interest, costs and attorney's fees.

2.     FMTRCI is a Florida corporation with its principal place of business in Fort Myers, Lee County, Florida. FMTRCI used Federal Identification Number ("FEIN") 203222585 for its insurance billing and purported to treat NATIONWIDE'S insureds for primarily soft tissue injuries sustained in automobile accidents at its clinic location at 4048 Evans Avenue, #208, Fort Myers, Florida 33901. NATIONWIDE insureds profess to have been treated by REITER and others at the clinic for their claimed injuries.

1

3.     NATIONWIDE is an Ohio corporation duly licensed to transact and transacting the insurance business in Lee County, Florida issuing automobile insurance policies to insureds and handling claims presented by those insureds.

4.     REITER is the President, Officer and Director of FMTRCI and is a chiropractor licensed in the State of Florida who resides, upon information and belief, in Broward County, Florida.

5.     PINTO was at all times material hereto the manager and financier of FMTRCI and was, in conjunction with FMTRCI's officers and directors, in charge of the methods and manners of operation of FMTRCI and, upon information and belief, resides in Broward County, Florida.

6.     NATIONWIDE issued automobile insurance polices which include No-Fault or Personal Protection ("PIP") Benefits insurance and sometimes Medical Payments Coverage ("MPC") to its insureds and which provided coverage for those persons, including those identified in Exhibit "A" to this Complaint, all of whom were patients of FMTRCI and REITER. NATIONWIDE has paid PIP and MPC benefits to FMTRCI and consequently REITER and PINTO, in behalf of its insureds.

7.     REITER and PINTO owned, operated, managed and controlled FMTRCI and sought reimbursement for what it is intended and statutorily required to be lawful, reasonable, and medically necessary treatment and services related to motor vehicle collisions.

8.     The bills were submitted on forms called CMS-1500 Forms, and a blank CMS-1500 Form is attached as Exhibit "B" to this Complaint.

9.     The CMS-1500 Forms contain, among other information, patient's name, the insurer of the patient, the dates of service, the provider of the service and certain codes taken

from the Current Procedural Terminology (CPT) and International Classification of Disease (ICD-9) reference books published by the American Medical Association. CPT Codes are five (5) digit codes which correspond to practically every kind of healthcare service that can be rendered to a patient and those CPT Codes correspond to an ICD-9 or diagnosis code. Each CPT Code has a charge determined by the service provider for the services allegedly rendered.

10.     Thus, the Claim Forms constitute representations of services rendered to the patients listed on the Form. In this instance, those representations are made by REITER, or his predecessor, Tania Adams, D.C., whose signatures, names or license numbers were identified in Box 31 of the CMS-1500 Form on behalf of FMTRCI.

11.     The CMS-1500 Forms were sent to NATIONWIDE for NATIONWIDE'S consideration and payment with corresponding records allegedly identifying the services provided by FMTRCI as certified to be true and correct by REITER. In reliance on the bills and records, NATIONWIDE paid FMTRCI, and those funds were deposited into a bank account over which REITER and PINTO have authority and control.

12.     Additionally, FMTRCI took assignments of benefits from NATIONWIDE'S insured patients so that FMTRCI could directly bill NATIONWIDE for the treatment and services. These assignments did not create contracts between the Defendants and NATIONWIDE.

13.     Beginning in July, 2005 through the present date, Defendants billed NATIONWIDE for certain healthcare services or supplies allegedly provided to NATIONWIDE insureds pursuant to policies issued to NATIONWIDE'S insureds for injuries they allegedly sustained in automobile collisions and NATIONWIDE paid the Defendants the total sum of $140.658.43 for the services they allegedly provided to NATIONWIDE'S insureds.

3

14.     REITER and PINTO planned, organized and established the methods and manner of operation from a treatment and billing standpoint of FMTRCI so as to intentionally, knowingly, fraudulently and deceptively maximize the insurance reimbursements paid to FMTRCI for the treatments allegedly rendered for the personal benefit of REITER and PINTO.

15.     Defendants had a pattern and practice of deceptive, fraudulent and illegal billing directed to NATIONWIDE and other insurers for which they received financial benefits.

16.     The Florida Motor Vehicle No-Fault Law and §627.736(5) requires that any medical provider who takes an assignment from a patient shall "lawfully render" the treatment and services provided. FMTRCI, REITER and PINTO engaged in unlawful conduct and did not lawfully render the treatment and services provided to NATIONWIDE'S insureds, including those outlined in Exhibit "A" to this Complaint, in the following particular ways:

a.     They recruited drivers and insureds/patients to plan and participate in staged motor vehicle collisions for the purpose of making fraudulent insurance claims.

b.     They planned and/or authorized the execution of staged of motor vehicle collisions for the purpose of making fraudulent insurance claims.

c.     They paid drivers and insureds/patients to participate in staged motor vehicle collisions for the purpose of making fraudulent insurance claims.

d.     They paid insureds/patients to treat at the clinic regardless of the legitimacy of the insured/patient alleged injuries or legitimacy of the claimed motor vehicle collision.

e.     They authorized, allowed or turned a blind eye to the billing of treatments that were upcoded, unbundled or never performed at all including patient examinations.

f.     They authorized, allowed or turned a blind eye to the performance and billing of massage therapy services at the clinic when it was not properly licensed to do so.

4

g.      They failed to keep adequate and legible chiropractic records that identified the licensed chiropractor or "therapist' and supervising chiropractor by name and professional title who was or were responsible for rendering, ordering and supervising each procedure and that justified the course of treatment of the patient and which otherwise failed to meet the civil and administrative requirements for proper healthcare billing.

h.      They permitted unlicensed and improperly trained and supervised staff to perform certain treatments and testing, including but not limited to, ultrasound.

i.      They allegedly treated, if and when actual treatment was performed, the patients all the same, regardless of their injury complaints, mechanism of injury, age, physical condition and progressions in an illegitimate attempt to maximize insurance reimbursements.

17.     The Florida Motor Vehicle No-Fault Law and §627.736(5) requires that any medical provider who takes an assignment from a patient shall "lawfully render" the treatment and services provided. FMTRCI, REITER and PINTO engaged in unlawful conduct and did not lawfully render the treatment and services provided to NATIONWIDE'S insureds, including those outlined in Exhibit "A" to this Complaint, in the following particular ways:

18.     The actions of the Defendants have resulted in the fraudulent, illegal and unfair payment of benefits for the treatment of non-existent injuries, for treatment that was never provided and for unlawful billing. Those practices have resulted in damages to NATIONWIDE in the form of payment of fraudulent bills, as well as damages in the nature of expenses incurred to investigate and uncover the fraudulent, unfair and illegal conduct of the Defendants.

19.     These deceptive and unlawful billing practices constitute fraudulent and tortious activities that are entirely unrelated to and independent of the contract obligations between NATIONWIDE and its insureds. Therefore, the remedies for the above-referenced allegations of fraud and illegal conduct are separate and distinct from those under the contracts.

20.     All conditions precedent to the bringing of this cause of action have been met or have been waived.

## COUNT I – COMMON LAW FRAUD

NATIONWIDE hereby sues FMTRCI, REITER and PINTO for fraud and states as follows:

21.     NATIONWIDE adopts and realleges paragraphs 1 through 20 above.

22.     Defendants submitted medical bills and records containing false representations of material fact, including, but not limited to the particular ways outlined in Paragraph 16(a) through (i) above.

23.     Defendants knew that the representations made to NATIONWIDE relating to the treatment provided to the insureds were false and fraudulent when they were made, or they were made with reckless disregard for their truth, or they were made with willful blindness or ignorance of their truth or falsity.

24.     Defendants intended for and expected that NATIONWIDE to rely on the billing statements and records as submitted.

25.     NATIONWIDE, in reliance on the above-described misrepresentations and actions, was, in fact, induced to issue payments for the medical bills submitted by Defendants as allegedly supported by the records submitted with the bills.

26.     NATIONWIDE'S reliance on the above-described misrepresentations and actions was reasonable and justifiable under the circumstances. The above-described misrepresentations, actions and omissions of the Defendants are against the public policy of the State of Florida because they are illegal and fraudulent.

27.     As a direct and proximate result of the above-described conduct o the Defendants, NATIONWIDE was damaged in the amount of $140,658.43, plus consequential damages in the form of investigative costs of attorney's fees and costs.

WHEREFORE, NATIONWIDE demands judgment against FMTRCI, REITER and PINTO for damages, plus interest, costs and such other relief as this Court deems equitable, just or proper.

## COUNT II – UNJUST ENRICHMENT AGAINST DEFENDANTS

NATIONWIDE hereby sues FMTRCI, REITER and PINTO for the alternative remedy of unjust enrichment and states as follows:

28.     NATIONWIDE adopts and realleges paragraphs 1 through 20 above.

29.     FMTRCI, REITER and PINTO with their submission of medical records and CMS-1500 Forms knowingly obtained money from NATIONWIDE by fraudulent, deceptive and illegal means as outlined in Paragraph 16(a) through (i) above.

30.     NATIONWIDE conferred a benefit on the Defendants by paying the claims identified in Exhibit "A" to this Complaint and the Defendants voluntarily accepted and retained the benefit of those insurance payments.

31.     Based upon the fact that the Defendants billed for services which were either not rendered or were otherwise illegal under *Florida Statute*, §627.736, §456.072 and §817.234, the circumstances are such that it would be inequitable to allow the Defendants to retain the benefit without paying for it.

32.     As a direct and proximate result of the above-described conduct of the Defendants, NATIONWIDE has been damaged and Defendants unjustly enriched in the total sum of $140,658.43.

WHEREFORE, NATIONWIDE demands judgment against FMTRCI, REITER and PINTO for damages in the amount of $140,658.43, plus interest, costs and such other relief as this Court may deem equitable, just and proper.

### COUNT III – UNFAIR AND DECEPTIVE TRADE PRACTICES

NATIONWIDE hereby sues FMTRCI, REITER and PINTO for Unfair and Deceptive Trade Practices pursuant to *Florida Statute* §501.201 pertaining to consumer protection from deceptive and unfair trade practices and states as follows:

33.     NATIONWIDE adopts and realleges paragraphs 1 through 20 above.

34.     NATIONWIDE and its insureds/patients are consumers as defined by Florida Statute, §501.203.

35.     FMTRCI, REITER and PINTO were and are actively engaged in trade and commerce in the State of Florida as regulated by the Florida Department of Health pursuant to *Florida Statute,* Chapters 456 and 460.

36.     FMTRCI, REITER and PINTO have engaged in unfair, deceptive and unconscionable acts or trade practices in their trade of commerce in the ways more particularly outlined in Paragraph 16(a) through (i) above

37.     The above-described actions and representations not only violate Florida Public Policy, but also violates numerous Florida Statutes, including, but not limited to §817.234 (False and Fraudulent Insurance Claims); §627.736 (Required Personal Injury Protection Benefits); §456.072 (Grounds for Discipline; Penalties and Enforcement); §607.0831 (Liability of Directors); and §460.413 (Grounds for Disciplinary Actions of Chiropractors).

8

38.    As a direct and proximate result of the above-described Deceptive and Unfair Trade Practices of FMTRCI, REITER and PINTO, NATIONWIDE has been damaged in the total sum of at least $140,658.43.

39.    NATIONWIDE has retained the services of the undersigned counsel to represent it in this matter and has agreed to pay the firm a reasonable fee for their services for which FMTRCI, REITER and PINTO are liable pursuant to *Florida Statute*, §501.2105.

WHEREFORE, NATIONWIDE demands judgment against FMTRCI, REITER and PINTO for damages, attorney's fees and costs, pursuant to *Florida Statute* §501.2105 and such other relief as this Court may deem equitable, just and proper.

## COUNT IV - NEGLIGENT SUPERVISION

NATIONWIDE hereby sues FMTRCI, REITER and PINTO for negligence and states as follows:

40.    NATIONWIDE adopts and realleges paragraphs 1 through 20 above.

41.    FMTRCI, REITER and PINTO had a duty to exercise reasonable care and control over their employees and independent contractors, including but not limited to "manager" and accountant, "Eduardo Markan Vasconcelos" so as to prevent those employees and independent contractors from committing willful torts or negligence causing injuries to others, including NATIONWIDE and its insureds/patients.

42.    FMTRCI, REITER and PINTO breached the above-described duty by failing to provide adequate supervision of their employees and independent contractors who engaged in an illegal and unlawful accident staging and billing practices for the benefit of FMTRCI, REITER and PINTO and to the detriment of NATIONWIDE and its insureds/patients in the form of the damages for insurance payments made by NATIONWIDE in the total amount of $140,658.43.

9

WHEREFORE, NATIONWIDE demands judgment against FMTRCI, REITER and PINTO for damages, interest and costs and such other relief as this Court may deem equitable, just and proper.

## COUNT V – CIVIL CONSPIRACY

NATIONWIDE hereby sues FMTRCI, REITER and PINTO for civil conspiracy and states as follows:

43.    NATIONWIDE adopts and realleges paragraphs 1 through 20 above.

44.    FMTRCI, REITER and PINTO had an agreement, either expressed or implied, to defraud NATIONWIDE against NATIONWIDE in their misrepresentations of medical services and treatments as more particularly set forth in the fraud count above.  The agreements between FMTRCI, REITER and PINTO constitute a conspiracy to engage in unlawful acts.

45.    The submission by FMTRCI, REITER and PINTO of billings and medical records containing misrepresentations to NATIONWIDE constitutes overt acts pursuant to their conspiracy which have caused damage to NATIONWIDE.

46.    Both REITER and PINTO had independent personal stakes in achieving the objectives of the conspiracy, apart from those of FMTRCI.

47.    In addition to his ownership interest in FMTRCI, REITER is the President and Registered Agent of Global Imaging, Inc., a diagnostic company which billed NATIONWIDE for treatment and services allegedly provided to some of the very NATIONWIDE insureds who are listed in Exhibit "A" to this Complaint.  He is also the CEO, Owner and Registered Agent of Complete Chiropractic Centers, Inc., another medical provider which also billed NATIONWIDE for treatment and services for some of the very insureds who are listed in Exhibit "A."  Thus, REITER was self referring his own patients to his closely held corporations for his own personal

10

interest and benefit and those actions and resulting billing are separate and distinct from those of FMTRCI.   REITER would personally receive financial benefits separate and apart from FMTRCI by his self-referral scheme.

48.   In addition to his ownership interest in FMTRCI, PINTO is the President, Director and Owner of P.S.A. Group, Inc., a medical company which shared P.O. Box 611094 with both FMTRCI and REITER'S predecessor, Tania Adams.  Both PINTO and REITER had access to this P.O. Box. which was the mail depository for checks in payment of services performed by FMTRCI.   P.S.A. Group also had the same physical address as REITER'S company Complete Chiropractic Centers, Inc.  Furthermore, PINTO is the secured lien holder on a 1992 trailer (Vehicle Identification Number 1M9A3A723NH022072) owned by REITER and Global Imaging, Inc. which houses the MRI machine used by Global Imaging, Inc. for services allegedly provided to some of the patients listed in Exhibit "A."  Finally, PINTO'S wife, Gloria Pinto, is the President and Owner of Able Medical Billing, Inc., a corporation which provided billing services to FMTRCI, and which has the same physical address as REITER'S company, Global Imaging, Inc.  All of these facts are evidence of PINTO'S personal stake and interests in companies whose billing, and thus financial benefits, are separate and distinct from those of FMTRCI.  PINTO would personally receive financial benefits separate and apart from FMTRCI by his interest in these separate companies.

WHEREFORE, NATIONWIDE demands judgment against FMTRCI, REITER and PINTO for damages, interest, costs and attorney's fees, and such other relief as this Court may deem equitable, just and proper.

## COUNT VI – DECLARATORY RELIEF

NATIONWIDE hereby sues the Defendants for Declaratory Relief and states as follows:

11

49.     NATIONWIDE adopts and realleges paragraphs 1 through 20 above.

50.     This is an action for Declaratory Relief, pursuant to Florida Statute, §86.011, and the amount in controversy exceeds the jurisdictional limit of this Court.

51.     Defendants' power, privilege, or right to receive payment for claims submitted to NATIONWIDE is dependent upon the facts and law applicable to those claims. Defendants have continued to bill NATIONWIDE for services allegedly provided to NATIONWIDE'S insureds which have not yet been paid. A list of the outstanding claims for NATIONWIDE MUTUAL FIRE INSURANCE COMPANY is attached hereto as composite Exhibit "C." Exhibit "C" does not include bills which have not yet been received or reviewed by NATIONWIDE.

52.     There is a bona fide, present and practical need for a declaration based upon this case and controversy between NATIONWIDE and the Defendants as to any unpaid charges currently pending.

53.     NATIONWIDE believes that the billing submitted by Defendants was and continues to be false, misleading and deceptive.

54.     Defendants have engaged in a pattern and practice of deceptive, fraudulent and unlawful billing directed to NATIONWIDE for which they claim financial benefits. Defendants knew or should have known that the bills and medical records were false, misleading and deceptive or they acted in reckless disregard as to their truth or falsity of those claims.

55.     There is an actual, present, adverse and antagonistic interest between NATIONWIDE and Defendants and NATIONWIDE is in doubt as to its rights under the terms of the applicable insurance policies and *Florida Statute*, §627.736 as to whether or not any bills submitted by Defendants which have not yet been paid are properly payable due to the facts and

circumstances outlined in paragraphs 16(a) through 16(i).  All the antagonistic and adverse interests are before the Court by proper process.

56.    The relief sought is not merely seeking legal advice by the Court or to answer questions propounded from curiosity, but to determine NATIONWIDE'S rights and obligations under its policies of insurance, *Florida Statute*, §627.736 and the public policy of the State of Florida.

57.    Should this Court determine that Defendants have submitted claims to NATIONWIDE which violate Florida law or the public policy of the State of Florida, NATIONWIDE is in doubt as to whether the present pending claims outlined in composite Exhibit "C" would be compensable.

WHEREFORE, NATIONWIDE respectfully requests this Court to enter a declaration determining NATIONWIDE'S contractual and statutory rights and responsibilities to pay insurance benefits and more specifically, to determine the following questions:

1.  Whether NATIONWIDE is legally obligated to pay the pending claims which have become due if Defendants submission of the claims resulted in a violation of Florida Statutes or the public policy of the State of Florida.

2.  Whether NATIONWIDE is legally obligated to pay claims which have been submitted to NATIONWIDE for reimbursement, but which have not yet come due if the claims are based on the same billing practice and procedure specifically identified above as having been committed by the Defendants.

NATIONWIDE further requests this Court to enter a judgment declaring the rights of the parties and for separate relief, interest and costs and for any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

58.     Plaintiff, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.A.
Attorneys for Nationwide Mutual Company


s/Robert A. Kingsford, Esquire
ROBERT A. KINGSFORD, ESQUIRE
Florida Bar No.:  0664294
Landmark Center One
315 East Robinson Street, Suite 550
Orlando, Florida 32801-2719
Telephone:     407-420-4409
Telecopier:     407-839-3008
Rakingsford@mdwcg.com
Trial Counsel for Plaintiffs


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28h day of September, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System, which will send a notice of this filing to:

Crystal Eiffert, Esquire
Eiffert & Associates
122 East Colonial Drive
Suite 210
Orlando, Florida 32801
ceiffert@ealawgroup.com

Counsel for Defendants


s/Robert A. Kingsford, Esquire
ROBERT A. KINGSFORD, ESQUIRE

14

| | Company Name | Claim Number | Date of Loss | Claimant Name | Amount at Issue |
|---|---|---|---|---|---|
| 1 | Nationwide Mutual (Auto) | 7709933644P 06041241 | 4/12/2006 | Daniele C. Souza | $9,919.00 |
| 2 | Nationwide Mutual (Auto) | 7709814524P 05121341 | 12/13/2005 | Jacson Goncalves | $10,435.00 |
| 3 | Nationwide Mutual (Auto) | 7709463885P 05100741 | 10/7/2005 | Valter Vieira | $8,196.78 |
| 4 | Nationwide Mutual (Auto) | 7709786687P 05092841 | 9/28/2005 | Maria Fuentes | $8,124.00 |
| 5 | Nationwide Mutual (Auto) | 7709786687P 05092841 | 9/28/2005 | Danny Guzman | $8,136.00 |
| 6 | Nationwide Mutual (Auto) | 7709814502P 05092841 | 9/28/2005 | Gabriel Brandao | $11,276.00 |
| 7 | Nationwide Mutual (Auto) | 7709864491P 05091141 | 9/11/2005 | Gean Da Silva | $13,752.00 |
| 8 | Nationwide Mutual (Auto) | 7709864495P 05091141 | 9/11/2005 | Eduardo Vasconcelos | $10,084.00 |
| 9 | Nationwide Mutual (Auto) | 7709864495P 05091141 | 9/11/2005 | Ailton Cruz | $11,143.62 |
| 10 | Nationwide Mutual (Auto) | 7709864495P 05091141 | 9/11/2005 | Gean Da Silva | $1,865.00 |
| 11 | Nationwide Mutual (Auto) | 7709864495P 05091141 | 9/11/2005 | Mayco Barbosa | $2,000.00 |
| 12 | Nationwide Mutual (Auto) | 7709814502P 05072941 | 7/29/2005 | Rafaela Pinheiro | $12,529.66 |
| 13 | Nationwide Mutual (Auto) | 7709814502P 05071341 | 7/13/2005 | Karine Pinheiro | $12,000.00 |
| 14 | Nationwide Mutual (Auto) | 7709814502P 05071341 | 7/13/2005 | Danilo Bicalho | $11,856.00 |
| 15 | Nationwide Mutual (Auto) | 7709463912P 05070941 | 7/9/2005 | Hermes Macedo | $9,341.37 |
| | | | | | $140,658.43 |



EXHIBIT

A

PLEASE
DO NOT
STAPLE
IN THIS
AREA

| | PICA

**HEALTH INSURANCE CLAIM FORM**

PICA | | |

1. MEDICARE    MEDICAID    CHAMPUS    CHAMPVA    GROUP HEALTH PLAN    FECA BLK LUNG    OTHER
   (Medicare #)    (Medicaid #)    (Sponsor's SSN)    (VA File #)    (SSN or ID)    (SSN)    (ID)

1a. INSURED'S I.D. NUMBER        (FOR PROGRAM IN ITEM 1)

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)

3. PATIENT'S BIRTH DATE   MM  DD  YY     SEX   M □  F □

4. INSURED'S NAME (Last Name, First Name, Middle Initial)

5. PATIENT'S ADDRESS (No., Street)

6. PATIENT RELATIONSHIP TO INSURED   Self □  Spouse □  Child □  Other □

7. INSURED'S ADDRESS (No., Street)

CITY                          STATE

8. PATIENT STATUS   Single □   Married □   Other □

CITY                          STATE

ZIP CODE     TELEPHONE (Include Area Code)  (   )

Employed □   Full-Time Student □   Part-Time Student □

ZIP CODE     TELEPHONE (INCLUDE AREA CODE)  (   )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)   YES □  NO □

a. INSURED'S DATE OF BIRTH   MM  DD  YY     SEX   M □  F □

b. OTHER INSURED'S DATE OF BIRTH   MM  DD  YY     SEX   M □  F □

b. AUTO ACCIDENT?   YES □  NO □   PLACE (State)

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?   YES □  NO □

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?   YES □  NO □   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED _____   DATE _____

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED _____

14. DATE OF CURRENT:   MM  DD  YY   ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE   MM  DD  YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION   FROM  MM  DD  YY   TO  MM  DD  YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES   FROM  MM  DD  YY   TO  MM  DD  YY

19. RESERVED FOR LOCAL USE

20. OUTSIDE LAB?   YES □  NO □     $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. ____   3. ____

2. ____   4. ____

22. MEDICAID RESUBMISSION   CODE        ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. | A | | | | B | C | D | | E | F | G | H | I | J | K |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | DATE(S) OF SERVICE | | | | Place of Service | Type of Service | PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) | | DIAGNOSIS CODE | $ CHARGES | DAYS OR UNITS | EPSDT Family Plan | EMG | COB | RESERVED FOR LOCAL USE |
| | From MM DD YY | | To MM DD YY | | | | CPT/HCPCS | MODIFIER | | | | | | | |
| 1 | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | | | | |
| 6 | | | | | | | | | | | | | | | |

25. FEDERAL TAX I.D. NUMBER    SSN □  EIN □

26. PATIENT'S ACCOUNT NO.

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)   YES □  NO □

28. TOTAL CHARGE   $

29. AMOUNT PAID   $

30. BALANCE DUE   $

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)

SIGNED _____   DATE _____

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #

PIN# _____   GRP# _____

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)        PLEASE PRINT OR TYPE

APPROVED OMB-0938-0008 FORM CMS-1500 (12-90),  FORM RRB-1500,
APPROVED OMB-1215-0055 FORM OWCP-1500,   APPROVED OMB-0720-0001 (CHAMPUS)

EXHIBIT
B
bbbler

**BECAUSE THIS FORM IS USED BY VARIOUS GOVERNMENT AND PRIVATE HEALTH PROGRAMS, SEE SEPARATE INSTRUCTIONS ISSUED BY APPLICABLE PROGRAMS.**

**NOTICE:** Any person who knowingly files a statement of claim containing any misrepresentation or any false, incomplete or misleading information may be guilty of a criminal act punishable under law and may be subject to civil penalties.

### REFERS TO GOVERNMENT PROGRAMS ONLY

MEDICARE AND CHAMPUS PAYMENTS: A patient's signature requests that payment be made and authorizes release of any information necessary to process the claim and certifies that the information provided in Blocks 1 through 12 is true, accurate and complete. In the case of a Medicare claim, the patient's signature authorizes any entity to release to Medicare medical and nonmedical information, including employment status, and whether the person has employer group health insurance, liability, no-fault, worker's compensation or other insurance which is responsible to pay for the services for which the Medicare claim is made. See 42 CFR 411.24(a). If item 9 is completed, the patient's signature authorizes release of the information to the health plan or agency shown. In Medicare assigned or CHAMPUS participation cases, the physician agrees to accept the charge determination of the Medicare carrier or CHAMPUS fiscal intermediary as the full charge, and the patient is responsible for the deductible, coinsurance and noncovered services. Coinsurance and the deductible are based upon the charge determination of the Medicare carrier or CHAMPUS fiscal intermediary if this is less than the charge submitted. CHAMPUS is not a health insurance program but makes payment for health benefits provided through certain affiliations with the Uniformed Services. Information on the patient's sponsor should be provided in those items captioned in "Insured"; i.e., Items 1a, 4, 6, 7, 9, and 11.

### BLACK LUNG AND FECA CLAIMS

The provider agrees to accept the amount paid by the Government as payment in full. See Black Lung and FECA instructions regarding required procedure and diagnosis coding systems.

### SIGNATURE OF PHYSICIAN OR SUPPLIER (MEDICARE, CHAMPUS, FECA AND BLACK LUNG)

I certify that the services shown on this form were medically indicated and necessary for the health of the patient and were personally furnished by me or were furnished incident to my professional service by my employee under my immediate personal supervision, except as otherwise expressly permitted by Medicare or CHAMPUS regulations.

For services to be considered as "incident" to a physician's professional service, 1) they must be rendered under the physician's immediate personal supervision by his/her employee, 2) they must be an integral, although incidental part of a covered physician's service, 3) they must be of kinds commonly furnished in physician's offices, and 4) the services of nonphysicians must be included on the physician's bills.

For CHAMPUS claims, I further certify that I (or any employee) who rendered services am not an active duty member of the Uniformed Services or a civilian employee of the United States Government or a contract employee of the United States Government, either civilian or military (refer to 5 USC 5536). For Black-Lung claims, I further certify that the services performed were for a Black Lung-related disorder.

No Part B Medicare benefits may be paid unless this form is received as required by existing law and regulations (42 CFR 424.32).

**NOTICE:** Any one who misrepresents or falsifies essential information to receive payment from Federal funds requested by this form may upon conviction be subject to fine and imprisonment under applicable Federal laws.

### NOTICE TO PATIENT ABOUT THE COLLECTION AND USE OF MEDICARE, CHAMPUS, FECA, AND BLACK LUNG INFORMATION
### (PRIVACY ACT STATEMENT)

We are authorized by CMS, CHAMPUS and OWCP to ask you for information needed in the administration of the Medicare, CHAMPUS, FECA, and Black Lung programs. Authority to collect information is in section 205(a), 1862, 1872 and 1874 of the Social Security Act as amended, 42 CFR 411.24(a) and 424.5(a) (6), and 44 USC 3101;41 CFR 101 et seq and 10 USC 1079 and 1086; 5 USC 8101 et seq; and 30 USC 901 et seq; 38 USC 613; E.O. 9397.

The information we obtain to complete claims under these programs is used to identify you and to determine your eligibility. It is also used to decide if the services and supplies you received are covered by these programs and to insure that proper payment is made.

The information may also be given to other persons, organizations, carriers, intermediaries, medical review boards, health plans, and other organizations or Federal agencies, for the effective administration of Federal provisions that require other third parties payers to pay primary to Federal program, and as otherwise necessary to administer these programs. For example, it may be necessary to disclose information about the benefits you have used to a hospital or doctor. Additional disclosures are made through routine uses for information contained in systems of records.

**FOR MEDICARE CLAIMS:** See the notice modifying system No. 09-70-0501, titled, 'Carrier Medicare Claims Record,' published in the _Federal Register_, Vol. 55 No. 177, page 37549, Wed. Sept. 12, 1990, or as updated and republished.

**FOR OWCP CLAIMS:** Department of Labor, Privacy Act of 1974, "Republication of Notice of Systems of Records," _Federal Register_ Vol. 55 No. 40, Wed Feb. 28, 1990, See ESA-5, ESA-6, ESA-12, ESA-13, ESA-30, or as updated and republished.

**FOR CHAMPUS CLAIMS:** PRINCIPLE PURPOSE(S): To evaluate eligibility for medical care provided by civilian sources and to issue payment upon establishment of eligibility and determination that the services/supplies received are authorized by law.

ROUTINE USE(S): Information from claims and related documents may be given to the Dept. of Veterans Affairs, the Dept. of Health and Human Services and/or the Dept. of Transportation consistent with their statutory administrative responsibilities under CHAMPUS/CHAMPVA; to the Dept. of Justice for representation of the Secretary of Defense in civil actions; to the Internal Revenue Service, private collection agencies, and consumer reporting agencies in connection with recoupment claims; and to Congressional Offices in response to inquiries made at the request of the person to whom a record pertains. Appropriate disclosures may be made to other federal, state, local, foreign government agencies, private business entities, and individual providers of care, on matters relating to entitlement, claims adjudication, fraud, program abuse, utilization review, quality assurance, peer review, program integrity, third-party liability, coordination of benefits, and civil and criminal litigation related to the operation of CHAMPUS.

DISCLOSURES: Voluntary; however, failure to provide information will result in delay in payment or may result in denial of claim. With the one exception discussed below, there are no penalties under these programs for refusing to supply information. However, failure to furnish information regarding the medical services rendered or the amount charged would prevent payment of claims under these programs. Failure to furnish any other information, such as name or claim number, would delay payment of the claim. Failure to provide medical information under FECA could be deemed an obstruction.

It is mandatory that you tell us if you know that another party is responsible for paying for your treatment. Section 1128B of the Social Security Act and 31 USC 3801-3812 provide penalties for withholding this information.

You should be aware that P.L. 100-503, the "Computer Matching and Privacy Protection Act of 1988", permits the government to verify information by way of computer matches.

### MEDICAID PAYMENTS (PROVIDER CERTIFICATION)

I hereby agree to keep such records as are necessary to disclose fully the extent of services provided to individuals under the State's Title XIX plan and to furnish information regarding any payments claimed for providing such services as the State Agency or Dept. of Health and Human Services may request.

I further agree to accept, as payment in full, the amount paid by the Medicaid program for those claims submitted for payment under that program, with the exception of authorized deductible, coinsurance, co-payment or similar cost-sharing charge.

**SIGNATURE OF PHYSICIAN (OR SUPPLIER):** I certify that the services listed above were medically indicated and necessary to the health of this patient and were personally furnished by me or my employee under my personal direction.

**NOTICE:** This is to certify that the foregoing information is true, accurate and complete. I understand that payment and satisfaction of this claim will be from Federal and State funds, and that any false claims, statements, or documents, or concealment of a material fact, may be prosecuted under applicable Federal or State laws.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0938-0008. The time required to complete this information collection is estimated to average 10 minutes per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, N2-14-26, 7500 Security Boulevard, Baltimore, Maryland 21244-1850.

| | Company Name | Claim Number | Claimant Name | Amount at Issue |
|---|---|---|---|---|
| 1 | Nationwide Mutual (Auto) | 7709P 933644041 | Daniele C. Souza | $13,425.00 |
| 2 | Nationwide Mutual (Auto) | 7709P 814524121 | Jacson Goncalves | $11,360.00 |
| 3 | Nationwide Mutual (Auto) | 7709P 463885091 | Valter Vieira | $11,490.00 |
| 4 | Nationwide Mutual (Auto) | 7709P 463885100 | Valter Vieira | $11,865.00 |
| 5 | Nationwide Mutual (Auto) | 7709P 786687092 | Maria Fuentes | $12,125.00 |
| 6 | Nationwide Mutual (Auto) | 7709P 786687092 | Danny Guzman | $10,220.00 |
| 7 | Nationwide Mutual (Auto) | 7709P 814502092 | Gabriel Brandao | $12,095.00 |
| 8 | Nationwide Mutual (Auto) | 7709P 864491091 | Gean Da Silva | $11,190.00 |
| 9 | Nationwide Mutual (Auto) | 7709P 864495091 | Eduardo Vasconcelos | $14,205.00 |
| 10 | Nationwide Mutual (Auto) | 7709P 864495091 | Ailton Cruz | $12,320.00 |
| 11 | Nationwide Mutual (Auto) | 7709P 864495091 | Mayco Barbosa | $11,480.00 |
| 12 | Nationwide Mutual (Auto) | 7709P 814502071 | Rafaela Pinheiro | $13,384.00 |
| 13 | Nationwide Mutual (Auto) | 7709P 814502071 | Karine Pinheiro | $13,680.00 |
| 14 | Nationwide Mutual (Auto) | 7709P 463912070 | Hermes Macedo | $9,440.00 |
| 15 | Nationwide Mutual (Auto) | 7709P 463912062 | Eunice Macedo | $12,430.00 |
| 16 | Nationwide Mutual (Auto) | 7709P 814502071 | Danilo Bicalho | $14,710.00 |
| 17 | Nationwide Mutual (Auto) | 7709P 933663070 | Werbeti Cunha | $6,705.00 |
| 18 | Nationwide Mutual (Auto) | 7709P 933663070 | Michele Maia | $12,015.00 |
| 19 | Nationwide Mutual (Auto) | 7709P 933663070 | Ismael Silva | $10,575.00 |
| | | | | $224,714.00 |



EXHIBIT
C