```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

NATIONWIDE MUTUAL INSURANCE COMPANY,

                Plaintiff,

vs.                              Case No.  2:08-cv-766-FtM-29DNF

FT. MYERS TOTAL REHAB CENTER, INC.,
PETER REITER, DC, DAVID PINTO,

                Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' various motions to dismiss Nationwide Mutual Insurance Company's Second Amended Complaint.  Motions to dismiss have been filed by Fort Myers Total Rehab Center, Inc. (Doc. #64), defendant David Pinto (Docs. ##66, 69), and defendant Peter Reiter, D.C. (Docs. ##65, 68).  Plaintiff filed Memorandum of Law in Opposition (Docs. ##78, 79, 80, 83, 84) to each motion.

**I.**

In an August 13, 2009 Opinion and Order (Doc. #37) the Court denied motions to dismiss on subject matter jurisdiction grounds but granted various motions to dismiss related to the viability of certain claims.  With the Court's permission, plaintiff subsequently filed its Second Amended Complaint (Doc. #52), to which all defendant now seek dismissal of certain counts for various reasons.  The standard of review for a Rule 12(b)(6) was

set forth in the Court's prior Opinion and Order (Doc. #37, pp. 5-6), and is adopted without repetition here.

The following facts are alleged in the Second Amended Complaint: Nationwide Mutual Insurance Company (plaintiff or Nationwide) issued insurance policies with No-Fault, Personal Injury Protection (PIP) Benefits or Medical Payments Coverage to fifteen individuals identified in Exhibit A of the Second Amended Complaint. Each of these insured individuals were involved in separate automobile accidents within a 10-month period between July 9, 2005 and April 12, 2006. The defendant FMTRC, which employs co-defendants Dr. Reiter and Pinto, provided medical services to the insured individuals and submitted claims to Nationwide pursuant to assignments from its insured patients. Nationwide paid the fifteen claims amounting to $140,658.43.

Nationwide alleges that the billing claim forms that the defendants submitted contained false and fraudulent statements and that the defendants planned and organized a pattern and practice of deception which included recruiting and paying drivers and insured patients to stage vehicle collisions to produce these fraudulent claims. Nationwide alleges that in the course of this practice, FMTRC authorized bills for treating upcoded, unbundled, not performed, or for unlicensed massage therapy; failed to keep adequate and legible records; permitted unlicensed and improperly trained and supervised staff to perform treatments; and treated all

patients similarly regardless of level of injury to maximize insurance reimbursements.

The Second Amended Complaint sets forth six claims for relief against all defendants. Count I alleges common law fraud; Count II alleges unjust enrichment; Count III alleges unfair and deceptive trade practices under FLA. STAT. § 501.201; Count IV alleges negligent supervision; Count V alleges civil conspiracy; and Count VI seeks a declaratory judgment as to claims defendants submitted that Nationwide has not yet paid. Various allegations have been changed to address the issues previously before the Court, and these will be discussed below. All defendants assert that the counts at issue are still deficient and must be dismissed.

**II.**

**A. Common Law Fraud - Count I**

**(1) FMTRC**

Count I of the Second Amended Complaint (Doc. #52, ¶¶ 21-27), alleges that defendants submitted medical bills and records containing known false representations of material fact to Nationwide, intending Nationwide to rely on the statements and records submitted. It further alleges that Nationwide justifiably relied upon the statements and records, and paid the medical bills submitted. As a result, Nationwide was damaged in the amount of $140,658.43, plus consequential damages.

In the August 13, 2009 Opinion and Order, the Court dismissed the common law fraud count as to FMTRC based upon the Florida economic loss rule, but denied dismissal as to the individual defendants. FMTRC's current motion to dismiss this Count essentially argues that Nationwide has simply restated its prior claim with legal conclusions disguised as fact in an unsuccessful attempt to escape the economic loss rule.

The Court adopts its discussion of the Florida economic loss rule and the law regarding assignments as set forth in the August 13, 2008 Opinion and Order, Doc. #37, pp. 9-11. Nationwide contends that the Florida economic loss rule does not apply because FMTRC's practice of having insured clients fill out CMS-1500 Forms and sending them to Nationwide did not constitute an assignment or any contractual obligations, and because the cause of action arises from facts independent of a breach of contract. The Court disagrees.

Nationwide was obligated to pay its insureds pursuant to its contract with them, i.e., the insurance policies; the insureds assigned this right to FMTRC, FMTRC submitted claims directly to Nationwide, and Nationwide paid the claims directly to FMTRC. Nationwide paid the claims based upon its contractual relationship with its insureds and the assignment of their claims to FMTRC. Plaintiff's conclusory assertion in Paragraph 37 that the fraud was "entirely unrelated to and independent of the contract obligations between NATIONWIDE and its insureds" is both insufficient to

establish the kinds of independence from the contract required by Florida law, Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., 974 So. 2d 1176, 1181-82 (Fla. 5th DCA 2008), and belied by the factual allegations in the Second Amended Complaint which allege false representations in the performance of the assigned contracts. The Court therefore continues to agree with FMTRC that the Florida economic loss rule bars the fraud claim. Therefore, FMTRC will be dismissed as a defendant in Count I.

**(2) Reiter and Pinto's Motions to Dismiss Common Law Fraud**

Dr. Reiter and Pinto, the officers or employees of FMTRC, do not assert a contractual relationship between themselves and Nationwide, either directly or by way of assignment. In its original Opinion and Order, the Court rejected their argument that the Florida economic loss rule barred the common law fraud claim against them (Doc. #37, p. 11). These defendants argue, however, that the Florida economic loss rule applies derivatively to them in the circumstances of this case. More specifically, they assert that if the fraud claim against their corporate employer is barred by the Florida economic loss rule, plaintiff cannot sue the corporate employees in their individual capacities for such fraud.

Defendants rely primarily upon Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., 974 So. 2d 1176, 1181 (Fla. 5th DCA 2008), which "reiterate[d] that when an aggrieved party is barred by the contractual privity economic loss rule from suing a corporation in tort, it cannot avoid the rule by suing non-professional employees

for their alleged negligence in performing the contract on behalf of the corporation." As Nationwide points out, its claim is for intentional fraud, not negligent misrepresentations. Vesta does not discuss such a claim, and defendants have cited no binding authority upon which the Court may rely to make the extension. Luigino's Int'l, Inc. v. Miller, 311 Fed. Appx. 289 (11th Cir. 2009) is a non-binding unpublished decision whose discussion of this issue was dicta. In the absence of cited authority establishing that Vesta is applied to intentional fraudulent acts like those alleged here, the Court cannot conclude that Count I is not plausible. Therefore, the motions to dismiss Count I by Dr. Reiter and Pinto are denied.

**B. Unjust Enrichment - Count II**

The Court's previous Opinion and Order (Doc. #37, pp. 13-14) denied defendants' motions to dismiss the unjust enrichment claim based on the Florida economic loss rule. The Court finds nothing in the current motions which causes it to change the ruling that this alternative count is not barred and that it sets forth a plausible claim. Accordingly, the current motions to dismiss Count II are denied.

**C. Negligent Supervision - Count IV**

The Court's August 13, 2009 Opinion and Order (Doc. #37, pp. 15-16) denied the defendants' motions to dismiss plaintiff's negligent supervision claim, finding the claim was adequately plead

and that no case had been cited which found such a claim barred by the Florida economic loss rule. This remains the posture of the count, and therefore the motions to dismiss will be denied.

**D. Civil Conspiracy - Count V**

In the prior Opinion and Order (Doc. #37, pp. 16-17), the court dismissed Nationwide's civil conspiracy claim under the intracorporate conspiracy doctrine because a corporation's employees acting as agents of the company are considered incapable of conspiring among themselves or with a corporation. Dickerson v. Alachua County Comm'n, 200 F.3d 761, 767 (11th Cir. 2000)(internal quotations and citations omitted). While an exception exists when the agents involved have personal stakes in plans that are separate and distinct from the corporation's interests, Cedar Hills Props. Corp. v. Eastern Fed. Corp., 575 So. 2d 673, 676 (Fla. 1st DCA 1991), the Court found no allegations bringing this case within that exception.

The Second Amended Complaint alleges that defendants Reiter and Pinto each had an independent personal stake in achieving objectives of a conspiracy. Plaintiff alleges that Reiter's interests in Global Imaging, Inc. and Complete Chiropractic Centers, Inc. are sufficiently separate and distinct from FMTRC's interests as Reiter would self-refer plaintiff's insureds to these other companies for services. (Doc. #52, ¶47.) The Second Amended Complaint alleges that some of the very same insureds were referred to Reiter's other companies, Global Imaging, Inc. and Complete

Chiropractic Centers, Inc., but does so without any specificity of which insureds received services or for any particular amount. At this stage of the proceedings, the Court finds the allegations sufficient to create a plausible cause of action for civil conspiracy.

To allege civil conspiracy against Pinto, plaintiff alleges that Pinto is a secured lien holder of a trailer housing Global Imaging, Inc.'s MRI machine, that Pinto's wife is the president of a medical billing company that provides services to FMTRC, and that both Pinto and Reiter have authority to access the bank account where FMTRC's reimbursed funds are deposited. The Court finds none of these allegations to be sufficient to plausibly suggest Pinto separate and distinct interests from the corporation.

The Court finds that the intracorporate conspiracy doctrine continues to bar plaintiff's civil conspiracy claim against Pinto but not Reiter. Accordingly Pinto's motion to dismiss Count IV is granted and Reiter's is denied.

**E. Declaratory Relief - Count VI**

In the August 13, 2009 Opinion and Order, the Court dismissed plaintiff's complaint seeking declaratory judgment as to future claims but not pending claims. The Second Amended Complaint is limited to pending claims, but defendants Reiter and Pinto seek dismissal on ground that neither has any personal interest in the declaration sought. Based upon the law summarized in the earlier Opinion and Order, the Court concludes that both Reiter and Pinto,

have a sufficient interest in the matter to justify their continued inclusion as named defendants. Therefore, defendants' motions to dismiss Count VI must be denied.

### III.

The Second Amended Complaint fails to adequately allege diversity jurisdiction. Paragraph 3 fails to allege the complete citizenship of Nationwide. "A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and, ... also 'of the State where it has its principal place of business.'" Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1332(c)(1)). Paragraphs 4 and 5 fail to allege the citizenship of either Reiter or Pinto. Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994); McCormick v. Aderholt, 293 F. 3d 1254 (11th Cir. 2002). Pursuant to 28 U.S.C. ¶ 1653, plaintiff will be required to file a Supplement to Second Amended Complaint setting forth amended Paragraphs 3, 4, and 5.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant, Fort Myers Total Rehab Center, Inc.'s Motion to Dismiss (Doc. #64) is **GRANTED IN PART** to the extent that Count I is dismissed with prejudice, and is otherwise **DENIED**.

2. Defendant Peter Reiter, D.C.'s Motion to Dismiss (Doc. #65) is **DENIED**.

3. Defendant David Pinto's Motion to Dismiss (Doc. #66) is **GRANTED IN PART** to the extent that Count V is dismissed with prejudice, and is otherwise **DENIED**.

4. Defendant Peter Reiter, D.C.'s Motion to Dismiss Count VI (Doc #68) is **DENIED**.

5. Defendant David Pinto's Motion to Dismiss Count VI (Doc. #69) is **DENIED**.

6. Within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order, Nationwide shall file a Supplement to Second Amended Complaint setting forth amended Paragraphs 3, 4, and 5. Defendants shall thereafter file their answers to the Second Amended Complaint, as supplemented, within the time provided by the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of February, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record